

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT LEE WILLIAMS, JR., <br> Plaintiff, | § <br> § <br> § | |
| vs. | § <br> § <br> § | Civil Action No. 3:20-02929-MGL |
| MARLENA H. WILLIAMS, RITA METTS, <br> and HENRY MCMASTER, <br> Defendants. | § <br> § <br> § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO RECONSIDER**

**I.     INTRODUCTION**

Plaintiff Robert Lee Williams, Jr. (Williams), proceeding pro se, filed this action against the above-named Defendants alleging they conspired to extort funds from him by illegally using his Social Security number in violation of 42 U.S.C. § 408(a)(8).

Pending before the Court is Williams's "Objection to the Order and Request to Vacate the Order[,]" Mot. at 1 (emphasis and capitalization modified), that the Court construes as a motion to reconsider, pursuant to Fed. R. Civ. P. 59(e), its Order adopting the Report and Recommendation (Report) of the Magistrate Judge and dismissing his complaint without prejudice and without issuance and service of process. Having carefully considered the motion, the record, and the applicable law, the Court is of the opinion Williams's motion to reconsider should be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Williams contends "his wages are being garnished in support of his child support payments through the South Carolina Department of Social Services (DSS)[,]" Report at 1, and "because the wage garnishment required the use of his Social Security number, [the act of using his Social Security number to garnish his wages] violated 42 U.S.C. § 408(a)(8)[,]" *id.*  Williams also avers "DSS lacks the authority to collect child support under its enabling legislation." *Id.*  He asks the Court "to order that his garnished wages be returned, punish the [D]efendants under 42 U.S.C. § 408(a)(8), and erase his DSS case file." *Id*. at 1–2.

The Magistrate Judge, in her Report, suggested Williams's complaint be dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. Williams filed objections, but the Court overruled them and adopted the Report. *See* July 22, 2021, Order (noting "Williams has wholly failed to bring any specific objections to the Report[,]" and instead "merely makes arguments the Magistrate Judge has already considered and rejected," thus leading the Court to review the Report for clear error and overruling his objections).

Williams subsequently filed the instant motion asking the Court to reconsider its Order adopting the Report.  The Court is now prepared to adjudicate the motion.

**III.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59 provides "[a] motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of judgment." Fed. R. Civ. P. 59(e).

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

2

injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotations omitted). Manifest injustice is inapplicable "where [a] district court's initial decision [is] correct." *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020).

### IV.     DISCUSSION AND ANALYSIS

To start, Williams filed his Rule 59 motion within the twenty-eight-day period required by the rule. Thus, his motion is timely. Williams, in his motion, merely reiterates the arguments previously made to the Magistrate Judge and this Court, as well as challenges the Court's jurisdiction. Williams wholly fails to demonstrate an intervening change in controlling law, account for new evidence since the Court's previous Order, or attempt to correct a clear error of law or prevent manifest injustice. Thus, the Court will deny Williams's motion to reconsider.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Williams's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Signed this 28th day of December, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.